UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD LEE HILTON,

      Plaintiff,                         Civil Action No. 2:16-10771
v.                                       HONORABLE SEAN F. COX
                                           UNITED STATES DISTRICT COURT

ROBERT PICKELL,

      Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Edward Lee Hilton's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a pre-trial detainee currently confined at the Genesee County Jail in Flint, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(B) the action or appeal:

1

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff is currently incarcerated at the Genesee County Jail. Plaintiff is representing himself at trial in a criminal case, although plaintiff does not indicate the nature of the criminal charges that he is facing or what stage of the criminal proceedings that his case is at. Plaintiff alleges that the Genesee County Jail does not have a law library or allow law books or computers for him to do legal research. Plaintiff claims that the lack of a law library or other legal materials has made it difficult for him to represent himself in his criminal case.

### IV. Discussion

Plaintiff is a pre-trial detainee who has elected to represent himself in his criminal case. The Sixth Circuit has "held on several occasions that 'the state does not have to provide access to a law library to defendants in criminal trials who wish to represent themselves.'" *United States v. Kincaide*, 145 F. 3d 771, 778 (6th Cir.1998)(quoting *United States v. Smith*, 907 F.2d 42, 45 (6th Cir.1990)); See also *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005)(petitioner who elected to proceed *pro se* on state court charges did not have a clearly established right under federal law to access to a law library while he was in jail before trial, as required for federal habeas relief). Thus, a prisoner who knowingly and voluntarily waives his right to be represented by counsel in a criminal case may not file a 42 U.S.C. § 1983 action in which he claims he was denied the constitutional right to access to a law library in preparing a *pro se* defense in a criminal trial. *See White v. Longino*, 428 Fed. Appx. 491 (5th Cir. 2011). Plaintiff is not entitled to relief on his claim.

## V.  ORDER

**IT IS HEREBY ORDERED** that Plaintiff's civil rights complaint [docket entry 1] is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**IT IS FURTHER ORDERED** that any appeal taken would not be done in good faith. See 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d at 604.

**SO ORDERED.**

Dated:  March 16, 2016                               S/ Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDWARD LEE HILTON,

      Plaintiff,                      Civil Action No. 2:16-10771

v.                               HONORABLE SEAN F. COX

                                      UNITED STATES DISTRICT COURT

ROBERT PICKELL,

      Defendant,

_____/

## PROOF OF SERVICE

    I hereby certify that on March 16, 2016, the foregoing document was served on counsel of record via electronic means and upon Edward Lee Hilton via First Class mail at the address below:

Edward Lee Hilton  85798
Genesee County Jail
1002 S. Saginaw
Flint, MI 48502

                                                                S/ J. McCoy_____
                                                               Case Manager