# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDWARD LEE HILTON,

    Plaintiff,                        Civil Action No. 2:16-10771

v.                                      HONORABLE SEAN F. COX
                                            UNITED STATES DISTRICT COURT

ROBERT PICKELL,

    Defendant,
_____/

## OPINION AND ORDER
## DENYING THE MOTION TO AMEND THE COMPLAINT

Plaintiff is a pre-trial detainee confined at the Genesee County Jail in Flint, Michigan, who filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleged that the Genesee County Jail does not have a law library or allow law books or computers for him to do legal research. Plaintiff claimed that the lack of a law library or other legal materials made it difficult for him to represent himself in his criminal case. On March 16, 2016, the Court dismissed the complaint for failing to state a claim upon which relief can be granted.

Plaintiff has filed a motion to amend the complaint to add a claim against a Dr. Lloyd, a physician at the jail. Plaintiff claims that he has been denied vitamin supplements that he has taken for fifty years. Plaintiff claims that Dr. Lloyd has misrepresented to him the results of blood work done at the jail, which plaintiff alleges would show that he is suffering from a vitamin deficiency.

The Court denies the motion to amend the complaint because the claims against Dr.

1

Lloyd are unrelated to the access of law library claim raised by plaintiff in his original complaint.

"[C]oncerns about management of a case in which plaintiffs are allowed to join claims arising from separate incidents each involving different parties and predominantly unrelated issues weigh heavily against exercising discretion, when any exists under the Federal Rules, to bring into one civil action such a complex array of claims and parties.  This is an added reason for early case screening in which the court, in the exercise of case management authority, imposes some form of reasonably stringent particularity-of-claim requirement." *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994).

Fed.R. Civ. P. Rule 20(a) limits the joinder of parties in single lawsuit, whereas Fed. R. Civ. P. 18(a) limits the joinder of claims.  Fed. R. Civ. P. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. Rule 18(a) states: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party."

Where multiple parties are named, the analysis under Fed. R. Civ. P. Rule 20 precedes that under Fed. R. Civ. P. Rule 18:

"Rule 20 deals solely with joinder of parties and becomes relevant only when

>there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 ..."
>
>"Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all ..."

*Proctor v. Applegate,* 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009)(*quoting Garcia v. Munoz,* 2008 WL 2064476, *3 (D.N.J. May 14, 2008)(*quoting*, Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, 7 Federal Practice & Procedure Civil 3d, § 1655).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor,* 661 F. Supp. 2d at 778. A federal court may consider many different factors when determining whether civil rights claims arise from the same transaction or occurrence, including, "the time period during which the alleged acts occurred; whether the acts of ... are related; whether more than one act ... is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (*quoting Nali v. Michigan Dep't of Corrections*, 2007 WL 4465247, * 3 (E.D. Mich. December 18, 2007)).

Plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the Prison Litigation Reform Act (PLRA), which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz,* 361 F. 3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner

3

may not commence an action without prepayment of the filing fee in some form. See 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich,* 148 F. 3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) ..."
>
> "A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner."

*George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

The Fifth Circuit has likewise discouraged "creative joinder of actions" by prisoners

4

attempting to circumvent the PLRA's three-strikes provision. *See Patton v. Jefferson Correctional Center*, 136 F. 3d 458, 464 (5th Cir. 1998).

"In light of the PLRA provisions ... to continue the practice of allowing joinder of claims which are not in compliance with Rule 18 and Rule 20 [of the Federal Rules of Civil Procedure] would be to defeat, or at least greatly dilute, the clear intent of the fee payment and three-strikes provisions of the statute." *Walls v. Scott*, 1998 WL 574903, * 3 (N.D.Tex. Aug. 28, 1998). Other courts have reached similar conclusions. *See Brown v. Blaine,* 185 Fed. Appx. 166, 168-69 (3rd Cir. 2006)(allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Shephard v. Edwards,* 2001 WL 1681145, * 1 (S.D. Ohio August 30, 2001)(declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly,* 107 F. Supp. 2d 706, 711 (E.D. Va. 2000)(denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule); *Cf. Proctor,* 661 F. Supp. 2d at 777 (refusing to allow the joinder in a single multi-plaintiff complaint of a variety of claims, because "[E]ach separate claim by each plaintiff will require a particularized analysis regarding statute of limitations, exhaustion of administrative remedies, and on the substance."). *Harris v. Spellman,* 150 F.R.D. 130, 131-32 (N.D. Ill. 1993)(Permissive joinder was not available with

respect to two inmates' pre-PLRA § 1983 claims which not only involved different occurrences, but also raised different issues of law; allegedly similar procedural errors do not convert independent prison disciplinary hearings into same "series" of transactions or occurrences for purposes of permissive joinder). The motion to amend the complaint is denied.

Plaintiff also requests a refund of his filing fee. The Court is without power to grant plaintiff's request. Under the PLRA, pauper status for inmates no longer exists. A prisoner is required to pay the filing fees and costs, and is not entitled to a waiver of fees and costs, even if his or her case is dismissed. *In re Alea*, 286 F.3d 378, 380-82 (6th Cir. 2002).

Accordingly, the Court denies the motion to amend the complaint [Dkt. # 6]. The denial is without prejudice to plaintiff filing a new complaint under a new case number against this defendant.

Dated: March 25, 2016                        S/ Sean F. Cox
                                             Sean F. Cox
                                             U. S. District Judge


I hereby certify that on March 25, 2016, the foregoing document was served on counsel of record via electronic means and upon Edward Hilton via First Class mail at the address below:

Edward Lee Hilton 85798
Genesee County Jail
1002 S. Saginaw
Flint, MI 48502

                                             S/ J. McCoy
                                             Case Manager